IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KATRINA AHRENS**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:17-CV-1414-L** |
| | § | |
| **THE CITY OF DALLAS,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is The City's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint, filed June 30, 2017 (Doc. 10). Having considered the pleadings, motion, response, reply, and applicable law, the court, *sua sponte*, **holds** that Plaintiff's federal law claim must be dismissed because it is not ripe, and the court **declines** to exercise supplemental jurisdiction over Plaintiff's pendent state law claims. Accordingly, the court **denies as moot** The City's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 10) and **dismisses without prejudice** this action.

### I. Background

Plaintiff Katrina Ahrens ("Plaintiff" or "Mrs. Ahrens") is a detective in the Crimes Against Persons Division of the Dallas Police Department ("DPD"). She is also the widow of Senior Corporal Lorne Ahrens ("Sr. Cpl. Ahrens"), also of the DPD. On July 7, 2016, after over fourteen years of service with the DPD, Sr. Cpl. Ahrens was shot in the line of duty during an ambush on protesters in downtown Dallas, Texas. He passed away the following morning, leaving behind his wife (Plaintiff) and their two minor children.

**Memorandum Opinion and Order- Page 1**

Plaintiff alleges that the City possesses extensive records related to the July 7th attack and its aftermath, including "videos, audio recordings, statements, notes, and other records, depicting or otherwise documenting the shooting of Sr. Cpl. Ahrens and his injuries and suffering leading to his death (hereinafter 'Sensitive Death Records')." Pl.'s Am. Compl. ¶ 9 ("Complaint"). Plaintiff further alleges that, pursuant to the Texas Public Information Act, the media have made numerous requests for information that include the Sensitive Death Records. Plaintiff alleges she asked the City not to release the Sensitive Death Records, but the City refused her request. Plaintiff attaches to her Complaint a letter dated May 2, 2017, from Assistant City Attorney James B. Pinson to Casey Griffith, Esq., Plaintiff's counsel, which states:

> To our knowledge, the City has released no crime scene photos or other information related to the criminal investigation regarding the sniper attack on July 7, 2016. The investigation is still pending. After the investigation is closed, any crime scene photos that are responsive to an open records request will be reviewed and redacted in accordance with the [Public Information Act]. *The City will not disclose any sensitive crime scene images to nonenumerated persons without seeking an attorney general ruling on whether they are confidential under Government Code section 552.1085. Nor will the City disclose any confidential information in the personnel file without seeking an attorney general ruling.*

Compl, Ex. A (emphasis added).

Based on these alleged fact, Plaintiff brings federal and state law claims against the City. With respect to her federal law claim, Plaintiff alleges the City threatens to violate her substantive due process right to privacy under the Fourteenth Amendment by publicly disclosing "Sensitive Death Records or other material relating to Sr. Cpl. Ahrens[.]" Compl. 5. She seeks a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that she has privacy rights under the Fourteenth Amendment in the Sensitive Death Records that prohibit the City's disclosure of the records in its possession. Plaintiff also asserts as pendent state law claims that the same threat

of disclosure violates her right to privacy under Texas Constitution article 1, her common-law right to privacy, and her right to prohibit disclosure of confidential information under Texas Government Code section 552.101. In addition to her request for a declaratory judgment, Plaintiff seeks injunctive relief against disclosure and "[a]ll relief to which [she] is entitled under Tex. Govt Code § 552.001 *et seq.*" Compl. 8.

With respect to her request for a declaratory judgment and injunctive relief, Plaintiff invokes the court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. *See* Compl. § 3. She also alleges subject matter jurisdiction under 28 U.S.C. § 2201, the Declaratory Judgment Act. *Id.* Notably, "the Declaratory Judgment Act is not an independent source of federal jurisdiction[,] [and] the availability of such relief presupposes the existence of a judicially remediable right[.]" *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (internal citation omitted). As to her state law claims, Plaintiff invokes the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See* Compl. § 3.

The City has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that dismissal is required because, among other things:

> The Complaint fails to state a plausible § 1983 claim against the City because it fails to plead facts sufficient to support an inference that (1) the Dallas City Council promulgated or ratified (2) a specific official policy or custom having the force of official policy (3) that is the moving force behind the threatened violation of a constitutional right[.]

City's Mot. to Dismiss 7. The City further argues that once the court dismisses Plaintiff's federal claim, it should decline to exercise supplemental jurisdiction over her remaining pendent state law claims and dismiss them without prejudice.

In response to the City's motion to dismiss, Plaintiff clarifies that she is not seeking to state a claim against the City for section 1983 violations. Instead, she states:

**Memorandum Opinion and Order- Page 3**

> Mrs. Ahrens seeks a declaratory judgment recognizing her Fourteenth Amendment right to privacy in the Sensitive Death Records. This is made clear in her First Amended Complaint. She does not, at this time, contend her rights have been violated or seek damages under § 1983, or otherwise. The City, however, incorrectly contends Mrs. Ahrens seeks "redress for *violations*" of her Fourteenth Amendment rights. And its entire Motion is based on this false understanding of Mrs. Ahrens' lawsuit. She did not mistakenly fail to include reference to § 1983 in her First Amended Complaint. It was intentionally avoided because, again, Mrs. Ahrens asks the Court for a declaratory judgment *before* disclosure of Sensitive Death Records occur. No plaintiff could ever prevent a violation of a right secured by the Constitution from occurring in the future if the *Monell* pleading standards for § 1983 claims identified by the City were imposed.

Pl.'s Resp. 1-2 (original emphasis).[1] In its reply, in addition to reurging the arguments set forth in its motion to dismiss, the City maintains that no implied direct constitutional right of action can lie against a municipality and, therefore, the court should dismiss Plaintiff's federal claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and decline to exercise supplemental jurisdiction over her pendent state law claims. Reply 1.

## II. The Doctrine of Ripeness

The City, in its motion to dismiss, has not raised the issue of whether Plaintiff's request for declaratory judgment under the Federal Declaratory Judgment Act is ripe for adjudication. Nevertheless, a federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

---

[1] Plaintiff's statement that she is not invoking 42 U.S.C. § 1983 is perplexing to the court. In this case, there is simply no other means of seeking redress for the City's alleged violations of her Fourteenth Amendment substantive due process rights. In relevant part, section 1983 states that any person, acting under color of state law, who deprives a United States citizen "of any rights, privileges, or immunities secured by the Constitution and laws" shall be liable to such citizen. Although not intimating any views on the merits of Plaintiff's substantive due process claim, her failure to invoke the protection of section 1983 renders her claim untenable. *See generally Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.").

initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Article III of the Constitution confines the federal courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2. In an attempt to give meaning to Article III's "case or controversy requirement," the courts have developed a series of principles termed "justiciability doctrines." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). One such doctrine is ripeness. "Ripeness doctrine 'is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Opulent Life Church v. City of Holly Springs,* 697 F.3d 279, 286 (5th Cir. 2012) (quoting *Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 58 n. 18 (1993)); *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 670 n. 2 (2010) ("Ripeness reflects constitutional considerations that implicate Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction." (internal quotation marks omitted)). Ripeness is "peculiarly a question of timing whose basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Opulent Life Church*, 697 F.3d at 286 (internal punctuation and citations omitted). The ripeness doctrine separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review. *See Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967), *overruled on other grounds, Califano v. Sanders,* 430 U.S. 99 (1977). "Declaratory judgments cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citation omitted). A case is ripe for adjudication if all remaining questions are legal and further factual development is unnecessary. *New Orleans Pub. Serv., Inc. v. Council of the City of New*

*Orleans,* 833 F.2d 583, 587 (5th Cir. 1987). A claim is not ripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300 (1998) (internal punctuation and citations omitted). Two key considerations exist for courts evaluating the ripeness of an action: "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *New Orleans Pub. Serv.,* 833 F.2d at 586 (quoting *Abbott Labs.,* 387 U.S. at 149).

In the present case, Plaintiff brings her federal claim under the Declaratory Judgment Act, which provides: "In a case of *actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).

The court applies the following three-step inquiry when determining whether to decide or dismiss a federal declaratory judgment action: (1) whether the declaratory action is justiciable, a threshold issue; (2) if it has jurisdiction, whether the court has the authority to grant declaratory relief in the present action; and (3) if it has jurisdiction and authority, whether to exercise its broad discretion to decide or dismiss the action. *The Sherwin Williams Co. v. Holmes County,* 343 F.3d 383, 387 (5th Cir. 2003); *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000). If the action is not ripe for adjudication and therefore not justiciable, the court need not reach the second or third steps. *Shields v. Norton,* 289 F.3d 832, 837 (5th Cir. 2002) ("[W]e must not proceed until the issue is ripe—until we have that case or controversy."). Thus, even actions for declaratory relief, which by design permit pre-enforcement review, require the presence of an actual "case" or "controversy." *United Trans. Union,* 205 F.3d at 857; *see also Orix Credit Alliance,* 212 F.3d at 896

**Memorandum Opinion and Order- Page 6**

(recognizing that although "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge . . . , a declaratory judgment action, like any other action, must be ripe in order to be justiciable."); *Roark & Hardee LP v. City of Austin,* 522 F.3d 533, 544 (5th Cir. 2008) ("[A] ripeness inquiry is often required when a party is seeking pre-enforcement review of a law or regulation.").

III. Analysis

    A. Federal Law Claim

As previously stated, Plaintiff is not alleging that the City has violated her constitutional rights, but is instead asking the court to issue a declaratory judgment as to her substantive due process right to privacy under the Fourteenth Amendment in the Sensitive Death Records, as well as injunctive relief to prohibit the City from disclosing records in its possession. Having carefully considered the pleadings, motion, response, reply, and applicable law, the court concludes that the controversy Plaintiff seeks to resolve through a declaratory judgment and injunction is largely hypothetical and speculative.

As Plaintiff acknowledges in her Complaint, and as set forth in Exhibit A to her Complaint, *supra*, the City has not released any Sensitive Death Records and has promised to maintain their confidentiality until the criminal investigation is concluded and to consider whether to release them only after such time as the Texas Attorney General issues an open records decision specifying such records are not exempt from disclosure under the Texas Public Information Act. The Sensitive Death Records Plaintiff seeks to prohibit the City from releasing, and the certainty of the records being released, are wholly unknown. A request for relief based on contentions regarding what the Texas Attorney General may or may not decide once the issue arises is conjectural, and asks the

**Memorandum Opinion and Order- Page 7**

court to provide an advisory opinion on a hypothetical situation. Otherwise stated, further factual development is required, as Plaintiff's request for declaratory judgment and associated injunctive relief does not take into account or consider the potential that the Texas Attorney General may rule that the records are confidential under Texas Government Code section 552.1085, in which case they will not be disclosed. As such, this is a matter in which the remaining questions are not purely legal ones. In addition, the court concludes that withholding a court decision at this time will not cause a hardship to Plaintiff, as she may always seek relief once her claims are not speculative and the factual record has been developed leaving only legal questions for the court to decide. For these reasons, the court **concludes** that Plaintiff's request for a declaratory judgment and injunction does not present a justiciable controversy. Without a case or controversy, this court lacks subject matter jurisdiction over Plaintiff's federal law claim. Accordingly, this claim is **dismissed without prejudice**.[2]

B.   **State Law Claims**

Having dismissed without prejudice Plaintiff's federal law claim as not yet ripe for adjudication, the court now decides whether it will exercise jurisdiction over her state law claims.

> A district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).... In cases where all of the federal claims are dismissed before trial, the general rule is that a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had [] jurisdiction.

*Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004) (citation omitted). As this action is in its early stages of litigation, the court can think of no legal harm or prejudice to Plaintiff if the

---

[2] In light of the court's determination that Plaintiff's request for declaratory judgment and associated injunctive relief under federal law is not ripe, it need not reach the City's argument that Plaintiff has failed to state a claim against it for municipal liability under 42 U.S.C. § 1983.

state law claims are handled by a state court. These claims present issues of state law that are better decided by Texas courts. In the exercise of its discretion, the court **declines** to consider the merits of Plaintiff's state law claims, and instead **dismisses without prejudice** these claims. Plaintiff remains free to file these claims in state court. *See* 28 U.S.C. § 1367(d) (tolling state statute of limitations for at least 30 days when court dismisses claim over which it declines to exercise supplemental jurisdiction).

It is so **ordered** this **28th day** of **November, 2017.**

Sam A. Lindsay
United States District Judge