IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KATRINA AHRENS**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:17-CV-1414-L** |
| | § | |
| **THE CITY OF DALLAS,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Alter or Amend Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 15), filed December 26, 2017. Having considered the pleadings, motion, response, reply, record, and applicable law, the court **denies** Plaintiff's Motion to Alter or Amend Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 15).

**I.      Background**

Plaintiff Katrina Ahrens ("Plaintiff" or "Mrs. Ahrens") filed this lawsuit against the City of Dallas ("City") on May 30, 2017, seeking: (1) a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that she has privacy rights under the Fourteenth Amendment in records in the City's possession related to the July 7, 2016 attack on police officers in Dallas, Texas, that resulted in the death of her husband, Senior Corporal Lorne Ahrens; and (2) injunctive relief prohibiting the City from disclosing any records in its possession. Mrs. Ahrens also asserted as pendent state law claims that the same threat of disclosure of the records violated her right to privacy under Texas Constitution article 1, her common-law right to privacy, and her right to prohibit disclosure of confidential information under Texas Government Code section 552.101. In addition

to her request for a declaratory judgment, Mrs. Ahrens sought injunctive relief against disclosure and "[a]ll relief to which [she] is entitled under Tex. Govt Code § 552.001 *et seq.*" Compl. 8.

The City filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On November 28, 2017, the court issued a memorandum opinion and order in this case dismissing without prejudice Mrs. Ahrens's request for declaratory judgment and injunctive relief and declining to exercise supplemental jurisdiction over her state law claims. *See Ahrens v. City of Dallas*, 2017 WL 5714664, at *4-5 (N.D. Tex. Nov. 28, 2017). With respect to her request for declaratory and injunctive relief, after *sua sponte* considering Article III's limitations on judicial power as well as prudential concerns related to justiciability, the court determined that the declaratory and injunctive relief she sought was "largely hypothetical and speculative," and that her claim was not ripe and, therefore, not justiciable. *Id.* at *4. Specifically, the court stated:

> As Plaintiff acknowledges in her Complaint, and as set forth in Exhibit A to her Complaint, the City has not released any Sensitive Death Records and has promised to maintain their confidentiality until the criminal investigation is concluded and to consider whether to release them only after such time as the Texas Attorney General issues an open records decision specifying such records are not exempt from disclosure under the Texas Public Information Act. The Sensitive Death Records Plaintiff seeks to prohibit the City from releasing, and the certainty of the records being released, are wholly unknown. A request for relief based on contentions regarding what the Texas Attorney General may or may not decide once the issue arises is conjectural, and asks the court to provide an advisory opinion on a hypothetical situation. Otherwise stated, further factual development is required, as Plaintiff's request for declaratory judgment and associated injunctive relief does not take into account or consider the potential that the Texas Attorney General may rule that the records are confidential under Texas Government Code section 552.1085, in which case they will not be disclosed. As such, this is a matter in which the remaining questions are not purely legal ones. In addition, the court concludes that withholding a court decision at this time will not cause a hardship to Plaintiff, as she may always seek relief once her claims are not speculative and the factual record has been developed leaving only legal questions for the court to decide. For these reasons, the court **concludes** that Plaintiff's request for a declaratory judgment and injunction does not present a justiciable controversy. Without a case or

controversy, this court lacks subject matter jurisdiction over Plaintiff's federal law claim. Accordingly, this claim is **dismissed without prejudice**.

*Id.*\* (emphasis in original).

## II.     Legal Standard

A motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant

---

\* The court also noted:

> Plaintiff's statement that she is not invoking 42 U.S.C. § 1983 is perplexing to the court. In this case, there is simply no other means of seeking redress for the City's alleged violations of her Fourteenth Amendment substantive due process rights. In relevant part, section 1983 states that any person, acting under color of state law, who deprives a United States citizen "of any rights, privileges, or immunities secured by the Constitution and laws" shall be liable to such citizen. Although not intimating any views on the merits of Plaintiff's substantive due process claim, her failure to invoke the protection of section 1983 renders her claim untenable. *See generally Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.").

*Ahrens v. City of Dallas*, 2017 WL 5714664, at *2 n.1 (N.D. Tex. Nov. 28, 2017). Mrs. Ahrens does not address this issue in her motion, notwithstanding that even were her claim justiciable, it would still be dismissed on this basis.

establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III. Analysis

In her motion to alter or amend the judgment, Mrs. Ahrens informs the court that the City has released information relating to donations to the families of July 7, 2016 fallen officers. Although not entirely clear, it appears to the court that she is suggesting that the City's purported release of this information related to the event of July 7, 2016, makes her request for declaratory and injunctive relief less speculative and hypothetical. In response, the City argues:

> The City's release, if any, of information relating to donations to the families of the July 7, 2016, fallen officers is unrelated to this civil action to prevent the public disclosure of the fallen officers' *sensitive crime scene images*. The undersigned attorney stated in this case that the City will not publicly disclose sensitive crime

**Memorandum Opinion and Order- Page 4**

> scene images without seeking an attorney general ruling on whether they are confidential; there was no commitment not to release *donor information*.
>
> \*\*\*
>
> Any release of information that implicates donors' associational or privacy interests does not suggest an increased likelihood that the City will threaten Plaintiff's asserted privacy interests in sensitive crime scene images. Any release of donor information does not support Plaintiff's claim of hardship, because it does not make her claim less speculative and it does not further develop the factual record relevant to her claim.

Def.'s Resp. 2-3 (Doc. 17) (emphasis in original).

Under the applicable standard of Rule 59(e), *supra*, the court agrees with the City. That the City may have released information about donations to the families of July 7, 2016 fallen officers is unrelated to Mrs. Ahrens's request for declaratory and injunctive relief and does make her request any less speculative or hypothetical. Mrs. Ahrens has not asserted an intervening change in controlling law or any newly discovered facts that would change the outcome of the court's November 27, 2017 decision. *See generally* Fed. R. Civ. P. 59(e); *Infusion Res.*, *supra*; *Schiller*, *supra*. Further, to the extent Mrs. Ahrens urges the court to conclude that recent events show the City cannot be trusted to protect sensitive records, the court declines to draw this inference, as it is not supported by any evidence.

## IV. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion to Alter or Amend Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 15).

It is so **ordered** this **2nd day** of February, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge